UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES E. MCDONALD, | Case No. 2:19-cv-00261-RFB-CWH |
| Petitioner, | ORDER |
| v. | |
| WARDEN BRIAN WILLIAMS, *et al.*, | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases, for consideration of petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), and on petitioner's motion for appointment of counsel (ECF No. 2).

The Court finds that petitioner is unable to pay the filing fee. Accordingly, the application for leave to proceed *in forma pauperis* will be granted.

Following initial review, the Court finds that appointment of counsel is in the interests of justice given, *inter alia*, including the complexities inherent in presenting and evaluating petitioner's claim of competency issues at the time of his trial. Petitioner's motion for appointment of counsel will therefore be granted, and counsel will be appointed to represent petitioner in these proceedings.

IT THEREFORE IS ORDERED that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Petitioner will not be required to pay the filing fee. The Clerk of Court is instructed to file the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Aaron D. Ford as counsel for respondents. Respondents' counsel shall enter a notice of appearance within twenty-one days of entry of this order, but no further response shall be required from respondents until further order of the Court.

DATED this 14th day of February, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE