UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES E. McDONALD,<br><br>                    Petitioner,<br>v.<br>BRIAN WILLIAMS, et al.,<br><br>                    Respondents. | Case No. 2:19-cv-00261-RFB-CWH<br><br>**ORDER**<br><br>(ECF No. 23) |

Petitioner Charles E. McDonald, a Nevada prisoner who is represented by counsel, brings this habeas corpus proceeding under 28 U.S.C. § 2254. Currently before the Court is Respondents' Motion to Dismiss (ECF No. 23). McDonald has opposed, and Respondents have replied. (ECF Nos. 25, 28.) For the reasons discussed below, the motion is denied without prejudice and Respondents will be allowed to renew their procedural default argument in the answer.

## **BACKGROUND**

### I.   STATE CONVICTION, DIRECT APPEAL, AND POST-CONVICTION PROCEEDINGS

McDonald challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court") for larceny from a victim 60 years of age or older and possession of stolen property. <u>State of Nevada v. McDonald</u>, Case No. C269134. Following a jury trial, the state court entered a judgment of conviction in January 2012, adjudicating McDonald as a habitual criminal and sentencing him to a maximum 20-year term with parole eligibility after a minimum of eight years. (ECF No. 16-7.) The Nevada Supreme Court affirmed the conviction on direct appeal. (ECF No. 16-18.)

On February 6, 2013, McDonald filed a *pro se* petition for writ of habeas corpus ("state petition") alleging that trial counsel was ineffective for failing to investigate McDonald's competency given his mental health issues and failing to investigate an insanity defense. (ECF No. 16-23.) As relevant to the current motion, McDonald alleged, had trial counsel informed the

1  state court of McDonald's mental health issues, it "is highly unlikely the court would still have
2  adjudicated petitioner a habitual criminal. Thus counsel[']s deficient performance profoundly
3  prejudiced petitioner with respect to sentencing." (Id. at 13 (the "sentencing claim").) The state
4  court denied the state petition. (ECF Nos. 16-25, 16-30.)

5  McDonald filed a post-conviction appeal *pro se*. In February 2014, the Nevada Supreme
6  Court held that the lack of post-conviction counsel prevented meaningful litigation of the state
7  petition. (ECF No. 17-4 at 3.) Although the record indicated that trial counsel and the state court
8  were aware of McDonald's mental health issues, no competency evaluation was conducted before
9  trial and the record was silent regarding trial counsel's investigation and actions given McDonald's
10 mental health history. (Id.) Thus, the Nevada Supreme Court reversed and remanded for
11 appointment of counsel. (Id. at 4.)

12 On remand, the state court appointed post-conviction counsel, who filed a supplement to
13 McDonald's state petition. (ECF No. 17-13.) Following oral argument, the state court denied
14 relief. (ECF No. 17-17.) McDonald filed a second post-conviction appeal through counsel. (ECF
15 No. 17-21.) The Nevada Court of Appeals affirmed in part and reversed in part, remanding the
16 case for a second time. (ECF No. 17-27.) The appellate court held, "an evidentiary hearing is
17 necessary to ascertain whether counsel undertook any actions regarding McDonald's mental
18 health, what decisions counsel made, if any, regarding the pursuit of a competency evaluation, and
19 to evaluate the merits of McDonald's assertion he was incompetent during his trial and sentencing
20 hearing." (Id. at 4.)

21 Thereafter, the state court conducted an evidentiary hearing and denied relief. (ECF
22 Nos. 18-1, 18-2.) McDonald filed a third post-conviction appeal. (ECF No. 18-7.) The Nevada
23 Court of Appeals affirmed the denial of relief, and a remittitur issued the following month. (ECF
24 Nos. 18-12, 18-14.)

25 **II.  FEDERAL HABEAS PROCEEDINGS**

26 McDonald initiated this federal habeas corpus proceeding in February 2019. (ECF No. 1.)
27 Upon screening the *pro se* petition, the Court granted his pauper application, appointed the Federal
28 Public Defender, and granted leave to amend the petition. (ECF No. 8.) McDonald's counseled

First Amended Petition for Writ of Habeas Corpus (ECF No. 14) alleges five grounds for relief under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution:

1. Trial counsel ineffectively failed to investigate McDonald's mental health issues and request a competency exam. (Id. at 7–11.)
2. Trial counsel ineffectively failed to investigate McDonald's mental health issues thereby depriving McDonald of an insanity defense. (Id. at 11–14.)
3. McDonald's attorney ineffectively failed to investigate or present any mitigation at McDonald's sentencing. (Id. at 15–17.)
4. Trial counsel ineffectively failed to show McDonald Exhibit 8, a video footage still of the crime scene before telling him to go to trial. (Id. at 17–18.)
5. McDonald was convicted on insufficient evidence in violation of his rights to due process and a fair trial. (Id. at 18–19.)

## DISCUSSION

Respondents move to dismiss Ground Three as unexhausted. (ECF No. 23.) A state prisoner first must exhaust state remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). To be exhausted, a claim must have been raised through one complete round of either direct appeal or collateral proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999). However, a federal court need not dismiss a claim on exhaustion grounds if it is clear the state court would find the claim procedurally barred under state law. Castille v. Peoples, 489 U.S. 346, 351 (1989); Dickens v. Ryan, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). Where a petitioner has procedurally defaulted a claim, the claim is technically exhausted and federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 750 (1991).

McDonald agrees that Ground Three is not exhausted,[1] but asserts it is technically

---
[1] The Amended Petition asserts that Ground Three is exhausted; however, upon further review of the record and Respondents' motion, McDonald now agrees that the claim is not exhausted. (ECF No. 25 at 2 n.2.)

exhausted and procedurally defaulted. (ECF No. 25 at 4–5.) He admits that he would face multiple procedural bars if he were to return to state court with his unexhausted claim. See NRS 34.726, NRS 34.810. However, Nevada's procedural bars can be excused by a showing of cause and prejudice or actual innocence, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument, then he cannot establish that "it is clear that the state court would hold the claim procedurally barred," and the ground is not technically exhausted. Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). For that reason, judges in this district generally decline to find a claim technically exhausted unless the petitioner represents that he would be unable to establish cause and prejudice or actual innocence in a return to state court. In such a case, the claim is generally subject to immediate dismissal as procedurally defaulted. But, when federal law recognizes a potential basis to excuse a procedural default and Nevada courts do not, then the petitioner can argue in federal court both that a ground is technically exhausted and that an excuse for the procedural default exists.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." Ramirez v. Ryan, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing Coleman, 501 U.S. at 754–55). However, the Supreme Court created a narrow exception to that general rule in Martinez v. Ryan, 566 U.S. 1 (2012).[2] Id. "Under Martinez, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding … and if in that proceeding there was no counsel or counsel was ineffective." Id. (citing Martinez, 566 U.S. at 17). However, the Martinez exception cannot excuse a procedural default for substantive claims of trial-court error, appellate-level IAC claims, or "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Martinez, 566 U.S. at 16–7; Davila

---

[2] The Nevada Supreme Court does not recognize Martinez as cause to overcome a state procedural bar pursuant to Nevada law. Brown v. McDaniel, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on Martinez—and only Martinez—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

v. Davis, 137 S. Ct. 2058, 2064 (2017).

To establish cause and prejudice for a trial-level IAC claim under Martinez, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

Id. at 1242 (internal quotation omitted). The first and second "cause" prongs of the Martinez test are derived from Strickland v. Washington, 466 U.S. 668 (1984). Id. at 1241. A habeas court's determination of the second prong "is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." Id. (quoting Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014), overruled on other grounds by McKinney v. Ryan, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs the court to assess the merits of the underlying trial-level IAC claim. Id. A default will not be excused if the claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." Id. (quoting Martinez, 566 U.S. at 14–16).

McDonald represents that no exceptions are available to save Ground Three in Nevada courts but argues he can overcome the default under the Martinez test. (ECF No. 25 at 5.) The Court therefore reads his opposition as conceding that Martinez is the only potential basis to excuse the default and find the claim technically exhausted on that basis.

McDonald represents that Ground Three of the Amended Petition is analogous to the sentencing claim he raised in the *pro se* state petition. (ECF No. 25 at 2.) Ground Three contends that trial counsel ineffectively failed to investigate McDonald's history of mental illness or present any related mitigation evidence at sentencing. (ECF No. 14 at 15–17.) The sentencing claim raised a similar IAC allegation, arguing the state court would not have adjudicated McDonald as a habitual criminal if trial counsel had informed the state court of McDonald's mental health issues, and trial counsel's deficient performance prejudiced McDonald at sentencing. (ECF No. 16-23 at 13.) However, on remand, post-conviction counsel failed to include the sentencing claim in McDonald's supplement or raise the issue in the second or third post-conviction appeals. (ECF Nos. 17-13, 17-21, 18-7.)

McDonald contends that post-conviction counsel was ineffective for failing to raise Ground Three during the state post-conviction proceedings because there was no strategic reason to forego the claim. (ECF No. 25 at 6–9.) Even if post-conviction counsel simply did not notice the sentencing claim in the *pro se* state petition, McDonald argues that post-conviction counsel should have known to raise Ground Three in light of the Nevada Supreme Court's remand for appointment of counsel to litigate mental illness and competency issues. McDonald also asserts that the underlying IAC claim is substantial. He claims he told trial counsel of his history of mental illness—including PTSD, mood disorder, severe depression, psychiatric in-patient and out-patient treatment, and psychiatric medications—yet counsel did not request a psychiatric examination. According to McDonald, further investigation would have revealed diagnoses of schizophrenia and bipolar disorder, involuntary commitment, roughly 25 examinations by psychiatrists and psychologists, and numerous findings of incompetence. Due to trial counsel's failure to investigate, McDonald argues the state court did not know the extent of his mental illness. Had counsel investigated his mental illness and presented a complete picture at sentencing, McDonald maintains that the state court may not have adjudicated him as a habitual felon.

Respondents assert that McDonald fails to demonstrate cause and prejudice under Martinez to overcome the default of Ground Three. (ECF No. 28 at 3–4.) They claim McDonald has not shown that presenting additional evidence during the penalty phase would have resulted in a different sentence. According to Respondents, both McDonald and trial counsel spoke to the judge about McDonald's mental health issues and requested that McDonald be placed with an in-patient mental health program, while prosecutors argued that McDonald should be adjudicated under the large habitual criminal statute, and the state court ultimately imposed a mid-level sentence. Respondents contend this shows trial counsel developed mitigation evidence during sentencing, and McDonald therefore fails to show deficient performance or prejudice.

The Court finds that the cause-and-prejudice analysis regarding Ground Three is necessarily connected to the merits of the claim itself and will defer a decision on both questions until a merits determination. The motion is therefore denied without prejudice. Respondents may renew their procedural default argument for Ground Three in the answer.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 23) is DENIED.

2. Respondents must file an answer to Petitioner Charles E. McDonald's Amended Petition for Writ of Habeas Corpus (ECF No. 14) within 60 days of this order.

3. McDonald will have 30 days from service of the answer within which to file a reply.

DATED this 16th day of November 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE